625 A.2d 1276

**Stanley P. WALCK, Appellant,**

v.

**COMMONWEALTH of Pennsylvania DEPARTMENT OF TRANSPORTATION BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 24, 1992.

Decided March 10, 1993.

Publication Ordered May 20, 1993.

Eugene F. Jarrell, III, for appellant.

David R. White and Timothy P. Wile, for appellee.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

 Stanley Walck appeals from the Delaware County Court of Common Pleas decision upholding the suspension of his operating privileges pursuant to Section 1572 of the Vehicle Code (Code), 75 Pa.C.S. § 1572 [relating to cancellation of a driver's license].[1]

Walck applied for a Pennsylvania commercial driver's license.[2] Walck then received a notice dated January 22, 1992 from the Pennsylvania Department of Transportation (Department) informing him that his right to apply for a driver's license or learner's permit was being denied under section 1572 because the Department had obtained information from New Jersey that his driving privileges were suspended in that state. Walck was therefore directed to return any current driver's license, learner's permit or temporary driver's license in his possession, and he was apprised that the effective date of suspension of his license was to be March 4, 1992. Walck next received a duplicate suspension notice dated February 7, 1992.

According to the Department, when Walck applied for a commercial driver's license, it searched the National Driving Register which revealed Walck's August 16, 1986 conviction for driving under the influence (DUI) and his subsequent operating privilege suspension in New Jersey. The Department asserts that, had it been aware of the suspension of Walck's New Jersey driver's license since December 3, 1986, it

1. Our scope of review of a common pleas court decision is here limited to a determination of whether an error of law has been made or whether the common pleas court decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Mumma,* 79 Pa.Commonwealth Ct. 108, 468 A.2d 891 (1983).

2. The best we can tell from the record is that this was done sometime in late 1991.

4

certainly would not have renewed his standard Pennsylvania driver's license.

Walck first contends on appeal that the alleged abstract of driver history record from New Jersey's Division of Motor Vehicles, dated March 18, 1992 and introduced by the Department as part of its Exhibit 1, was inadmissible under Section 5328(a) of the Uniform Interstate and International Procedure Act (Act), 42 Pa.C.S. § 5328(a). That section affords:

§ 5328. **Proof of official records**

(a) **Domestic record.**—An official record kept within the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by a judge of a court of record having jurisdiction in the governmental unit in which the record is kept, authenticated by the seal of the court, or by any public officer having a seal of office and having official duties in the governmental unit in which the record is kept, authenticated by the seal of his office. (Emphasis added).

42 Pa.C.S. § 5328(a).

Walck maintains that the abstract setting forth his DUI conviction and the suspended status of his operating privilege was inadmissible because there is no certification that the officer attesting the document has legal custody of it, there is no authentication by the seal of a public officer and the abstract is without an "original or appropriate facsimile signature." As this Court has previously asserted in *Appeal of Finkelstein*, 73 Pa.Commonwealth Ct. 417, 458 A.2d 326 (1983), *Naglich v. State Board of Motor Vehicle Manufacturers, Dealers and Salesmen*, 86 Pa.Commonwealth Ct. 478, 485 A.2d 851 (1984) and *Puskas v. Commonwealth*, 117 Pa.Commonwealth Ct. 148, 542 A.2d 655 (1988), out of state records

must comply with the dictates of Section 5328(a) of the Act before they can be properly admitted into evidence.

In the matter *sub judice*, the abstract of Walck's driver history record is an original and is attested to by the signature of one "Skip Lee," whose title is set forth as "Acting Director" of the New Jersey Division of Motor Vehicles. As well, the certification below which Lee's signature appears provides as follows: "I certify that according to the records of this division this listing is a true abstract of the driver history record of the individual whose driver license number is printed or typed above. The record includes accidents, suspensions and convictions for moving violations." The New Jersey state seal also appears on the face of the abstract.

Our review of the Department's exhibit compels us to reach a conclusion opposed to that suggested by Walck. It is perspicuous that the abstract meets the requirements of Section 5328(a) of the Act. The document contains the signature of a public officer and is certified by him. Moreover, inherent in the office of the Acting Director of New Jersey's Division of Motor Vehicles would be his custodianship of the records in that division. As we have already stated, the abstract is under seal of the state of New Jersey. There is nothing in section 5238(a) to support Walck's assertion that Lee's signature be original or that either the attestation or seal be manually applied.

We therefore decide that the abstract was properly admitted. (*Cf. Rhoads v. Commonwealth,* 153 Pa.Commonwealth Ct. 155, 620 A.2d 659 (1991) where, *inter alia,* it was unclear whether the certificate was made by a public officer and where the seal on the certificate was unreadable).

Next, Walck argues the Department did not sustain its burden of proof that his operating privileges should be cancelled pursuant to Section 1572 of the Code. Section 1572 provides:

§ 1572. **Cancellation of driver's license**

(a) **General rule.—**

(1) The department may cancel any driver's license upon determining that one of the following applies:

(i) The licensee was not entitled to the issuance.

(ii) The person failed to give the required or correct information or committed fraud in making the application or in obtaining the license.

(iii) The license has been materially altered.

(iv) The fee has not been paid.

(v) The licensee voluntarily surrenders his driving privilege.

(2) Upon the cancellation, the licensee shall immediately surrender the canceled license to the department.

**(b) Other states—**The department shall cancel a driver's license issued during the period of another state's suspension or revocation following an offense which resulted in an out-of-State suspension or revocation if the offense would result in suspension or revocation under this title.

75 Pa.C.S. § 1572.

Walck asserts that his standard Pennsylvania license could not be cancelled under the auspices of either section 1572(a) or (b) because the Department in no way showed that his Pennsylvania license was issued rather than renewed during the period of his New Jersey license suspension. We regard this argument as specious. First, the distinction Walck urges upon us between "issuance" and "renewal" is a superficial one, serving no legitimate purpose. Second, Section 1503(a)(1) and (a)(2) of the Code, 75 Pa.C.S. § 1503(a)(1) and (a)(2) [3], which the Department applies to this case by way of section 1572, is clear that there is not to be renewal of any driver's license of any person whose operating privilege has been suspended or

---

3. **§ 1503 Persons ineligible for licensing**

 **(a) General rule.—**The department shall not issue any driver's license to, or renew the driver's license of, any person:
 (1) Whose operating privilege is suspended or revoked in this or any other state except as otherwise provided in this title.
 (2) Whose operating privilege is suspended or revoked in any other state upon grounds which would authorize the suspension or revocation of the operating privilege under this title.
 75 Pa.C.S. § 1503(a)(1) and (a)(2).

revoked in another state for an offense which would cause suspension or revocation in this state.[4]

Certainly, Walck's contention that "issuance" should be distinguished from "renewal" would not be particularly compelling here even if Walck's attorney had not confused the concepts at the time of the hearing. However, because Walck's attorney blurred the distinction himself, the argument gathers even less momentum.

■ At various intervals during the hearing, counsel for Walck stated: "I believe that the records up there would indicate that Mr. Walck's regular driver's license was issued in 1990 and that is not the result of what generated this whole notification process." (Notes of Testimony, (N.T.), May 4, 1992, p. 9); "I think we can also agree that since May of 1990 Mr. Walck was issued a regular Pennsylvania driver's license which expires in June of 1994." (N.T., March 4, 1992, p. 11); and "And also the driving record [Pennsylvania driving record] I think would indicate that Mr. Walck has had a Pennsylvania license since sometime before 1986." (N.T., March 4, 1992, p. 13). It goes without saying that if Walck had his standard license before 1986, that license must have been *renewed* for him and not first issued in 1990. An attorney is the agent of his client and, as such, acts he performs and statements he makes within the scope of his employment and authority are binding on his client. *Department of Transportation, Bureau of Driver Licensing v. Yandrich,* 108 Pa.Commonwealth Ct. 547, 551, 529 A.2d 1210, 1211–1212 (1987).

■ Because the abstract of driver record history dated March 18, 1992 showed Walck's New Jersey license to be on suspended status since 1986 for DUI, the Department has proven it acted properly in cancelling his Pennsylvania license.

4. Although the Department first raised the matter of section 1503(a)(1) and (a)(2) at the hearing before the common pleas court, Walck does not here protest the Department's decision to proceed under that section by way of section 1572. Even had he done so, raising, *e.g.*, a violation of due process argument, we would be hard-pressed to hold he was not afforded the minimum requirements of due process where the difference in definition between "issuance" and "renewal" is a mere technicality.

Lastly, Walck contends that, pursuant to section 1572(b), the Department must show that the out of state DUI offense, if committed in Pennsylvania, would have resulted in a period of suspension or revocation effective at least until the date the Department notified Walck of his driver's license cancellation. Stated another way, Walck asserts that, since the offense of DUI carries with it in Pennsylvania only a one-year penalty, the Department has not met its burden of proving Walck's license should be suspended because, in this state, the suspension period would have been satisfied by the time the Department sent out its first suspension notice on January 22, 1992. We reject this reasoning.

Walck cites no authority for this proposition and, in fact, posits the matter as an issue of first impression. We need not overly concern ourselves with this assertion, however, because section 1572(b) provides for the cancellation of a license issued in this state "during the period of another state's suspension or revocation" and does not invite the interpretation urged upon us by Walck.

As the New Jersey abstract of driver history record reflects that Walck's license was still under suspension or, at the very least, not yet restored as of March 18, 1992, we affirm.

## ORDER

AND NOW, this 10th day of March, 1993, the order of the Delaware County Court of Common Pleas, dated May 4, 1992, No. 92–3148, is affirmed.