Dr. Edward WEINER, In his own Right and as Executor of the Estate of Anne B. Weiner, Deceased, and Jonathan R. Weiner

v.

Robert E. LEE, Kenneth Nicholson, Kenneth DeAngelis, the Board of Supervisors of Lower Macungie Township and Lower Macungie Township.

Appeal of Robert E. LEE, Kenneth Nicholson, Kenneth DeAngelis and the Board of Supervisors of Lower Macungie Township, Appellants.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1995.

Decided Dec. 18, 1995.

William G. Malkames, for appellants.

Maxwell E. Davison, for appellees.

Before SMITH, FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Robert E. Lee, Kenneth Nicholson, Kenneth DeAngelis, who are the members of the Board of Supervisors of Lower Macungie Township, and the Board itself (collectively, the Supervisors) appeal from an order of the Court of Common Pleas of Lehigh County (trial court) that granted the contempt petition filed by Dr. Edward Weiner, on his own behalf and as executor of the estate of Anne B. Weiner, and by Jonathan R. Weiner (collectively, the Weiners).[1] The contempt petition asserted that the Supervisors failed to follow the trial court's earlier order granting relief on the Weiners' complaint in mandamus against the Supervisors. The Supervisors raise a variety of procedural challenges to the imposition of the contempt order, as well as disputing the trial court's conclusions on the merits and the appropriateness of the relief granted.

I.

In April 1994, Dr. Edward Weiner, General Partner, and Maxwell E. Davison, Counsel, on behalf of the J.W. Land Development & Finance Company, sent a "Petition/Request" to the Chairman of the Supervisors requesting that the 16.442–acre parcel of vacant land at the intersection of Brookside and Lower Macungie Roads be rezoned from S–Suburban Residential to VC–Village Center. In May 1994, the Supervisors' Solicitor (Solicitor) responded to the Weiners' counsel with a letter in which the Solicitor requested an enumeration of any changes in circumstances occurring since the Board denied a similar rezoning request in November 1991, noting

---

1. The Supervisors filed this appeal with the Superior Court, which transferred it to this Court by order of February 28, 1995.

that the Board did not wish to reconsider the request absent a substantial change in circumstances.

The Weiners brought a mandamus action against the Supervisors, alleging that they were denied a proper hearing on their rezoning request, in violation of Section 609(b) of the Pennsylvania Municipalities Planning Code (MPC),[2] and Section 2306 of the Lower Macungie Township Zoning Ordinance (Ordinance).[3] By order of September 29, 1994, the trial court denied the Supervisors' motion for judgment on the pleadings and granted the Weiners' motion for peremptory judgment. The trial court ordered: "[T]he Defendants are directed to hold a hearing pursuant to Lower Macungie Zoning Ordinance within a reasonable time hereafter on Plaintiffs' Petition for Rezoning." The trial court expressly declined the Weiners' request for the court to take jurisdiction of the rezoning application, based on an allegation that the Supervisors were hostile to the Weiners and would act in an illegal manner toward them.

On October 25, 1994 the Solicitor sent another letter to the Weiners' counsel indicating that the Board had set a December 1 hearing date for it to hear the Weiners' request for a rezoning and that the matter would go through the Planning Commission process if the Board determined to consider the request; any required fees were to be remitted if not already done so. The Weiners then filed a petition to hold the Supervisors in contempt of the trial court's September 29, 1994 order. The contempt hearing was held on November 7, 1994. Counsel for the Supervisors did not arrive on time and had not notified the trial court that he would be late. After waiting five minutes, the trial court commenced the hearing; counsel arrived two minutes after that.

By order of December 6, 1994, the trial court found the Supervisors in contempt of the court's September 29 order. The trial court directed the Supervisors to submit the rezoning application to the Township Planning Commission immediately upon payment of the required filing/deposit fee and receipt of the notarized verification; it directed the Planning Commission to proceed as required by the Ordinance and to submit its recommendation to the court as well as the Board of Supervisors; and it directed the Supervisors to pay $3,775.03 to the Weiners as compensatory damages. The order stated that the court would retain jurisdiction over the subject and the parties for such supplementary orders as should from time to time be appropriate.[4]

## II.

The Supervisors raise various procedural issues concerning the conduct of the contempt proceeding. They question whether the trial court erred in (1) failing to afford the Supervisors the procedural safeguards to which they were entitled; (2) finding the Supervisors in contempt of court without the benefit of a hearing; (3) finding the Supervisors in contempt of court without first receiving any sworn testimony or evidence; and (4) commencing the hearing prior to entry of the Solicitor into the courtroom. The Supervisors argue these issues as one.

The Supervisors note that courts have held that five elements are necessary to an adjudi-

---

**2.** Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10609(b). Section 609(b) provides in part: "Before voting on the enactment of an amendment [to the zoning ordinance], the governing body shall hold a public hearing thereon, pursuant to public notice."

**3.** Section 2306(3) of the Ordinance provides in part that the Board of Supervisors "shall submit each [zoning ordinance] amendment to the Planning Commission ... and permit the Commission an opportunity to submit recommendations."

**4.** A contempt order that imposes sanctions is final and appealable when entered. *Fenstamaker*

*v. Fenstamaker*, 337 Pa.Superior Ct. 410, 487 A.2d 11 (1985). In a proceeding for civil contempt, the court may impose the remedial punishment of a fine payable to an aggrieved litigant as compensation for the special damages he or she has sustained by reason of the contumacious conduct of the offender. *Brocker v. Brocker*, 429 Pa. 513, 241 A.2d 336 (1968), *cert. denied*, 393 U.S. 1081, 89 S.Ct. 857, 21 L.Ed.2d 773 (1969). This Court's scope of review of an appeal from an order for contempt is limited to determining whether the trial court abused its discretion or committed an error of law. *Richland Township v. Prodex, Inc.*, 166 Pa.Cmwlth. 313, 646 A.2d 652 (1994).

cation for civil contempt: rule to show cause why attachment should not issue; answer and hearing; rule absolute; hearing on contempt citation; and adjudication of contempt. *Nemeth v. Nemeth,* 306 Pa.Superior Ct. 47, 451 A.2d 1384 (1982). The Supervisors acknowledge that courts have also held that an abbreviated procedure for finding contempt is proper, one providing no more than notice of the violations alleged and opportunity for explanation and defense, where the merits of the underlying matter have already been heard and decided after a full hearing. *Rouse Philadelphia, Inc. v. Ad Hoc '78,* 274 Pa.Superior Ct. 54, 417 A.2d 1248 (1979), *cert. denied,* 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980). They assert, however, that such a procedure is not applicable here.

The Court agrees with the Weiners that the Supervisors' failure to raise before the trial court any of its challenges to the procedure employed there constitutes a waiver of these issues. Pa.R.A.P. 302(a). In *Smith v. Smith,* 431 Pa.Superior Ct. 588, 637 A.2d 622 (1993), *appeal denied,* 539 Pa. 680, 652 A.2d 1325 (1994), the court concluded that the procedures followed in the contempt proceeding did violate due process rights, but the contemnor would not be heard to complain on appeal after remaining silent below. *Accord Travitzky v. Travitzky,* 369 Pa.Superior Ct. 65, 534 A.2d 1081 (1987); *Fenstamaker v. Fenstamaker,* 337 Pa.Superior Ct. 410, 487 A.2d 11 (1985).[5]

The Supervisors next contend that the trial court erred in directing them to hold a hearing pursuant to the Ordinance within a reasonable time on the Weiners' petition for rezoning without regard to the requirements of the MPC and the Ordinance. They maintain that the reasonable time does not begin to run until a proper petition is filed. Section 609(c) of the MPC, 53 P.S. § 10609(c), provides that, for amendments other than those proposed by the planning commission, "the governing body shall submit each such amendment to the planning commission at least 30 days prior to the hearing on such proposed amendment to provide the planning agency an opportunity to submit recommendations." Section 609(e) contains a similar provision regarding submission to a county planning agency, if one exists. The Supervisors argue that the trial court's order of September 29, 1994 failed to address these requirements. Further, Section 2308(2) of the Ordinance provides that no application shall be considered filed until all fees are paid, and Section 2308(6) requires that a notarized attestation be affixed to the zoning amendment petition. Because these conditions had not been fulfilled, no proper petition was before the Supervisors; hence the reasonable period for holding a hearing did not begin to run.

The Supervisors assert that the trial court misconstrued or misinterpreted the Solicitor's letters. They state that the Solicitor merely offered the Weiners the opportunity for a hearing before the Supervisors earlier than the earliest date a hearing could have been scheduled if the proposal were first submitted to the Planning Commission. The Supervisors contend that they did not attempt to deny the Weiners a hearing after Planning Commission review but merely gave the Weiners an earlier opportunity to make a presentation before the Board of Supervisors, the only body with the final discretion and power to rezone.

As noted by the trial court in its opinion in support of the contempt order, the Supervisors did not appeal from the mandamus order of September 29, 1994; therefore, they may not collaterally attack the correctness of that order in the later contempt proceeding. This Court agrees with the trial

---

5. Should the merits of the Supervisors' procedural challenges be considered, they would not succeed. Here the immediately underlying proceeding was the Weiners' complaint in mandamus, which the trial court ruled upon after a full hearing. The only issue in the contempt proceeding was whether the Supervisors' subsequent conduct complied with the mandamus order, and the Supervisors were afforded notice and an opportunity to be heard to defend in the hearing of November 7, 1994. This is precisely the procedure held to be adequate and not wasteful of judicial resources in *Rouse* under similar circumstances. That the Supervisors did not present testimony when they were provided the opportunity was, of course, their own choice. The Supervisors cite no authority for the proposition that a court may not commence a scheduled hearing until the arrival of tardy counsel.

court that the direction to the Weiners in the letter of October 25, 1994 to appear before the Supervisors on December 1, 1994 speaks for itself. The letter attempted to impose a procedural requirement not found in the MPC or the Ordinance and contemplated the possibility of a rejection of the application before the procedures specified in the Ordinance took place. This was directly contrary to the trial court's order of September 29, 1994.

 As for the assertion that the "reasonable time" directed by the trial court never began to run because of the Weiners' failure to pay the application fee or to submit the notarized attestation, this Court again agrees with the trial court. The Supervisors never raised these matters before the Weiners filed their petition for contempt. At the hearing on November 7, 1994 the Supervisors offered no evidence that they had notified the Weiners of these requirements or, indeed, any evidence at all. The Supervisors could have submitted the application to the Planning Commission with the same instructions to the Weiners to fulfill procedural requirements or they could have informed them that the application would be submitted upon fulfillment. They did neither.

### III.

The Supervisors further assert that the trial court erred by entering an order directed to the Planning Commission, over which it had no jurisdiction because the Planning Commission was not a party to the underlying proceeding or to the contempt proceeding. They note that the Planning Commission is a distinct and independent body created by the Supervisors pursuant to Section 201 of the MPC, 53 P.S. § 10201. As the Weiners point out, however, the Supervisors lack standing to assert the rights of the Planning Commission. Further, any possible error in regard to a portion of the remedy directed toward another entity is irrelevant to the question before the Court on this appeal, namely, whether the trial court abused its discretion in determining the Supervisors to be in contempt.

Finally, the Supervisors argue that the conduct giving rise to the finding of contempt was that of their Solicitor. They quote a portion of the colloquy that took place at the hearing on November 7, in which the Solicitor professed his own responsibility for any error and offered the explanation that he believed the trial court's mandamus order compelled the holding of a hearing very quickly. The Supervisors do not assert, however, that they were unaware of the Solicitor's actions or that he was acting outside the scope of his authority. As this Court has stated, an attorney serves as an agent of his or her client and any acts performed and statements made by the attorney within the scope of his or her employment and authority are binding upon the client. *Walck v. Department of Transportation, Bureau of Driver Licensing*, 155 Pa.Cmwlth. 1, 625 A.2d 1276 (1993). Finding no abuse of discretion by the trial court, this Court hereby affirms the trial court's order.

### *ORDER*

AND NOW, this 18th day of December, 1995, the order of the Court of Common Pleas of Lehigh County is affirmed.