Gary A. ROTHSTEIN

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 3, 2006.
Decided Dec. 18, 2006.
Publication Ordered April 16, 2007.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

No appearance entered on behalf of respondent.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (Appellant or DOT), appeals from an order of the Court of Common Pleas of Lancaster County (the trial court), which granted the appeal of Gary A. Rothstein (Licensee) and ordered that DOT's cancellation of Licensee's license be rescinded. We now reverse.

Licensee, a resident of Pennsylvania, received his Pennsylvania motor vehicle license in 1978. On July 18, 1988, Licensee was charged in the State of New Jersey with the offense of operating a motor vehicle while in possession of a controlled substance. On December 5, 1988, Licensee pleaded guilty to the offense and paid a fine and court costs.[1] At that time, his ability to obtain a New Jersey Driver's license was suspended. Since the issuance of his Pennsylvania motor vehicle license in 1978, Licensee had renewed his license every five (5) years without incident. The most recent renewal occurred on August 25, 2003.

In November, 2005, Licensee was convicted in Pennsylvania of a speeding violation while allegedly transporting hazardous materials.[2] Because the conviction reportedly involved hazardous materials, DOT initiated a search of the National Driving Register. On November 17, 2005, DOT received a response from the State of New Jersey indicating that Licensee's driving privileges were suspended for nonpayment of a restoration fee due as a result of the 1988 charge. (R.R. at 39a). On November 29, 2005, DOT issued a notice of cancellation of Licensee's driver's license, effective January 3, 2006. (R.R. at 40a). The notice stated that Licensee would "not be able to apply for a driver's license ... until sufficient proof of restoration is received from the State of New Jersey." *Id.*

Licensee filed a timely appeal with the trial court, and a hearing was conducted on March 16, 2006. By order dated April 18, 2006, the trial court ordered that the cancellation be rescinded. The trial court concluded in its order that the 1976 ver-

---

1. On November 10, 1988, Licensee obtained a Pennsylvania motorcycle license from DOT.

2. The trial court stated that Licensee testified credibly that he was not transporting hazardous materials at the time of this citation. Instead, he was hauling food and other supplies for his delicatessen in his personal automobile, a station wagon. The trial court further stated that there must have been a reporting error. (Trial court opinion at p. 2, attached to Appellant's brief as exhibit "A").

sion of Section 1572 of the Motor Vehicle Code, 75 Pa.C.S. § 1572, which was in effect at the time Licensee's Pennsylvania driver's license was issued and was in effect at the time of his arrest/conviction in New Jersey, applied to the facts of this case.[3] The trial court further concluded that even assuming for purposes of argument that the 1990[4] or present versions of Section 1572 of the Motor Vehicle Code applied to the facts of this case, DOT: (1) failed to establish that either version applies specifically to Licensee because Licensee's license was issued prior to the action taken by the State of New Jersey; (2) DOT failed to establish that Licensee had an out-of-state license that was, in fact, suspended or revoked; and (3) DOT failed to establish that the offense that Licensee committed in New Jersey in 1988 would have resulted in the suspension of Licensee's license in Pennsylvania

in 1988, as Pennsylvania did not begin suspending driver's licenses for possession of controlled substances until 1989. Furthermore, the trial court concluded that the seventeen-year delay between the suspension of Licensee's New Jersey driver's license and DOT's attempt to cancel Licensee's Pennsylvania driver's license is unconstitutional and a violation of Licensee's due process rights. DOT appealed the matter to this Court.[5]

On appeal,[6] DOT argues that the trial court erred in ruling that DOT did not have the authority under the current version of Section 1572 of the Motor Vehicle Code to cancel Licensee's current Pennsylvania driver's license based upon the continuing suspension of Licensee's operating privilege in the State of New Jersey. DOT further argues that the trial court erred in ruling that Licensee had satisfied his burden of proof that he was prejudiced

3. Section 1572 of the Motor Vehicle Code was enacted in 1976 and became effective on July 1, 1977. The original version of the statute provided as follows:

> The department may cancel any driver's license upon determining that the licensee was not entitled to the issuance or that the person failed to give the required or correct information or committed fraud in making the application or in obtaining the license or the fee has not been paid. Upon the cancellation, the licensee shall immediately surrender the canceled license to the department.

Act of June 17, 1976, P.L. 162.

4. Section 1572 of the Motor Vehicle Code was amended in 1990, which amendment became effective September 8, 1990. The 1990 version of the statute rewrote the text, designated the original as subsection (a) and added subsection (b), which provided as follows:

> (b) Other states.—The department shall cancel a driver's license issued during the period of another state's suspension or revocation following an offense which resulted in an out-of-State suspension or revocation if the offense would result in suspension or revocation under this title.

Act of July 10, 1990, P.L. 356.

5. Following the appeal by DOT, counsel for Licensee filed a petition to withdraw appearance which was granted by order of the trial court on May 18, 2006. On October 31, 2006, this court issued an order precluding Licensee from filing a brief or participating in oral argument for failure to comply with our order dated September 26, 2006, directing him to file a brief within fourteen days.

6. In reviewing a driver's license suspension case, our standard of review is limited to determining whether the trial court's findings of fact were supported by substantial evidence, whether errors of law had been committed or whether the trial court's determination demonstrated a manifest abuse of discretion. *Mazza v. Department of Transportation, Bureau of Driver Licensing*, 692 A.2d 251 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 551 Pa. 172, 709 A.2d 887 (1998). The scope of review is plenary, however, when the matter involves no disputed facts, and nothing but a question of law is considered. *Com., Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155 (2000).

by DOT's purported delay in canceling his Pennsylvania driver's license. Finally, DOT argues that the trial court erred in ruling that Licensee was denied his due process rights when DOT cancelled his Pennsylvania driver's license.

■ First, we will address DOT's argument that the trial court erred in ruling that DOT did not have the authority under the current version of Section 1572 of the Motor Vehicle Code to cancel Licensee's current Pennsylvania driver's license based upon the continuing suspension of Licensee's operating privilege in the State of New Jersey.

The current Section 1572 of the Motor Vehicle Code,[7] which was enacted by Act of December 21, 1998, P.L. 1126, provides as follows:

§ 1572   Cancellation of driver's license

(a) General rule.—

(1) *The department may cancel any driver's license upon determining that one of the following applies:*

(i) *The licensee was not entitled to the issuance.*

(ii) The person failed to give the required or correct information or committed fraud in making the application or in obtaining the license.

(iii) The license has been materially altered.

(iv) The fee has not been paid.

(v) The licensee voluntarily surrenders his driving privilege.

(2) Upon the cancellation, the licensee shall immediately surrender the canceled license to the department.

(b) Other states.—The department shall cancel a driver's license issued to an individual who has applied for a Penn-sylvania driver's license after the commission of an offense in another state which later resulted in suspension, revocation or disqualification in the other state if the offense would have resulted in the suspension, revocation or disqualification under this title or where the offense was substantially similar to offenses which in this State would have caused a suspension, revocation or disqualification.

(Emphasis added).

Section 1503(a)(1) of the Motor Vehicle Code, 75 Pa.C.S. § 1503(a)(1), provides, in pertinent part, as follows:

§ 1503   Persons ineligible for licensing; license issuance to minors; junior driver's license

(a) Persons ineligible for licensing.— The department shall not issue a driver's license to, or renew the driver's license of, any person:

(1) Whose operating privilege is suspended or revoked in this or any other state.

DOT notes that Licensee was convicted on December 5, 1988, of violating N.J.S.A. § 39:4–49.1 (relating to drug possession by motor vehicle operator), which provides, in part, that any person convicted of violating that section "shall be fined not less than $50.00 and shall forthwith forfeit his right to operate a motor vehicle for a period of two years from the date of his conviction." DOT states that the New Jersey "Abstract of Driver History Record" establishes that Licensee's operating privilege was forfeited (suspended) for approximately a period of two (2) years and that his operating privilege continues to be under suspension in New Jersey solely because he has never paid a restoration fee that New Jersey

---

7.  The current version of Section 1572 of the Motor Vehicle Code became effective on De-cember 21, 1998.

requires in order to restore his operating privilege. (*See* R.R. at 39a). The New Jersey "Abstract of Driver History Record" also establishes that the current status of his operating privilege is "suspended." *Id.*

DOT points out that when Licensee obtained his current driver's license in 2003, he did so at a time when the current version of Section 1572 of the Motor Vehicle Code was in effect, not an earlier version. Accordingly, DOT asserts that it properly cancelled Licensee's driver's license under the current Section 1572(a)(1)(i) of the Motor Vehicle Code because, pursuant to Section 1503(a)(1) of the Motor Vehicle Code, Licensee was not entitled to renewal of his driver's license given his current suspension in New Jersey.[8]

DOT posits that to accept the trial court's position that the current Section of 1572 of the Motor Vehicle Code is inapplicable would amount to a holding that the original version of Section 1572 of the Motor Vehicle Code is essentially frozen in time as to Licensee's continuing suspension and that the General Assembly is powerless to amend the licensure requirements to deny a current operator's license to anyone found to have a suspended license in another state. DOT states that the trial court offers no support for such a position. To the contrary, DOT cites *Walck v. Department of Transportation, Bureau of Driver Licensing*, 155 Pa. Cmwlth. 1, 625 A.2d 1276 (1993), in support of its position that the current Section 1572 of the Motor Vehicle Code is applicable.

In *Walck*, the licensee appealed from a court of common pleas order upholding the suspension of his operating privileges pursuant to the 1990 version of Section 1572 of the Motor Vehicle Code. Walck had applied for a Pennsylvania commercial driver's license and was notified on January 22, 1992, that his right to apply for a driver's license was being denied because DOT had obtained information from New Jersey that his driving privileges were suspended in that state. Walck was directed to return any current driver's license and was advised that the cancellation would be effective March 4, 1992. Walck's application for a commercial driver's license had triggered a search of the National Driving Register, which revealed that Walck's driving privilege was suspended in New Jersey as a result of a 1986 conviction for driving under the influence (DUI). DOT asserted that had it been aware of the suspension of Walck's New Jersey driver's license since 1986, it would not have renewed his standard Pennsylvania driver's license.

In *Walck*, we upheld the application of the then-current 1990 version of Section 1572 of the Motor Vehicle Code to the cancellation of Walck's Pennsylvania driver's license resulting from the suspension related to the 1986 conviction. In rejecting Walck's numerous arguments that his license should not be cancelled, this Court wrote:

> Because the abstract of driver record history dated March 18, 1992 showed Walck's New Jersey license to be on suspended status since 1986 for DUI,

---

8. DOT states that canceling the current driver's license under the current provisions of Sections 1503(a)(1) and 1572(a)(1)(i) of the Motor Vehicle Code avoids any possible improper retroactive application of the statute because Licensee's current Pennsylvania driver's license is not being canceled based upon his 1988 New Jersey conviction. *See Alexander v. Department of Transportation, Bureau of Driver Licensing*, 583 Pa. 592, 880 A.2d 552 (2005). Instead, the cancellation is based upon his current suspension in New Jersey for failure to pay a restoration fee.

[DOT] has proven it acted properly in canceling his Pennsylvania license.

* * *

As the New Jersey abstract of driver history record reflects that Walck's license was still under suspension or, at the very least, not yet restored as of March 18, 1992, we affirm.

While the issues raised in *Walck* are not identical to those raised in this case, our opinion in *Walck* reveals that this Court will look to the licensee's current operating privilege status and the current Section 1572 of the Motor Vehicle Code in determining whether an individual's license is properly cancelled by DOT in situations where a license is suspended as a result of an old conviction and there is a continuing suspension as a result of failure to have driving privileges restored. Hence, in the case at hand, we must conclude that the trial court erred in applying the version of Section 1572 of the Motor Vehicle Code enacted in 1976. Further, we must conclude that the cancellation was proper under Section 1572(a)(1)(i) of the Motor Vehicle Code because Licensee was not entitled to have his license renewed under Section 1503(a)(1) as a result of the current suspension of his operating privileges in New Jersey.[9],[10]

■ Additionally, we must agree with DOT that the trial court erred in ruling that Licensee had satisfied his burden of proof that he was prejudiced by DOT's purported delay in canceling his Pennsylvania driver's license and that Licensee was denied his due process rights when DOT cancelled his Pennsylvania driver's license. The trial court, relying upon the delay in canceling Licensee's license and the prejudice to Licensee, concluded that Licensee's due process rights were violated and that DOT must be estopped from canceling Licensee's license.

■ In order for a licensee to avoid an otherwise valid cancellation of his or her driver's license on the basis of delay,

---

9. DOT also asserts that cancellation of Licensee's driver's license is appropriate under the current Section 1572(b) of the Motor Vehicle Code. We need not address this issue because we have concluded that revocation is appropriate under Sections 1572(a)(1)(i) and 1503(a)(1) of the Motor Vehicle Code.

10. We must also reject the trial court's conclusion that even if the current Section 1572 of the Motor Vehicle Code were applicable, DOT failed to establish that Licensee had an out-of-state license that was suspended. The trial court attempts to characterize Licensee's suspension as a suspension of his "right to apply for a New Jersey driver's license," not a suspension of his out-of-state license. We regard this contention as specious and note that if a distinction does exist, it is a superficial one and serves no legitimate purpose. Licensee was convicted of an offense which required that he "forfeit his right to operate a motor vehicle for a period of two years from the date of conviction." *See* N.J.S.A. § 39:4–49.1. The State of New Jersey lists his driving status as "suspended." Those facts are sufficient to establish that Licensee's out-of-state license is suspended for purposes of Sections 1503(a)(1) and 1572(a)(1)(i) of the Motor Vehicle Code.

Also, as to trial court's conclusion that even if the current Section 1572 of the Motor Vehicle Code were applicable DOT failed to establish that the offense that Licensee committed in New Jersey in 1988 would have resulted in the suspension of Licensee's license in Pennsylvania, we note that DOT was not required to establish such facts. We reverse the trial court and affirm DOT's cancellation of Licensee's driver's license based upon Section 1572(a)(1)(i) of the Motor Vehicle Code, not Section 1572(b) of the Motor Vehicle Code. Section 1572(a)(1)(i) of the Motor Vehicle Code merely requires that DOT establish that Licensee was not entitled to issuance of a driver's license. Again, pursuant to Section 1503(a)(1) of the Motor Vehicle Code, Licensee was ineligible for renewal as a result of the suspended status of his license in New Jersey.

the licensee must prove that: (1) an unreasonable delay chargeable to DOT led the licensee into reasonably believing that the driver's license would not be cancelled; and (2) prejudice to the licensee would result from having the license cancelled after such a delay. *Terraciano v. Department of Transportation, Bureau of Driver Licensing,* 562 Pa. 60, 753 A.2d 233 (2000). Generally, in cases involving a purported delay by DOT in issuing a notice of suspension, revocation or cancellation, in the absence of a specific statutorily imposed time limit, we have held that DOT must notify the motorist of a suspension, revocation or cancellation within a reasonable period of time after DOT receives notice of the conviction or other action that triggers DOT's action[11] and that DOT is not accountable for delays caused by other entities.[12] Prejudice is shown when the licensee is able to demonstrate that he changed his circumstances to his detriment in reliance upon his belief that his operating privileges would not be impaired. *Department of Transportation, Bureau of Traffic Safety v. Lyons,* 70 Pa.Cmwlth. 604, 453 A.2d 730 (1982).

Here, DOT did not become aware of Licensee's conviction or of his continuing operating privilege suspension in New Jersey until November, 2005, when it received the report from New Jersey, dated November 17, 2005. (R.R. at 42a). DOT then issued its notice of cancellation on November 29, 2005. Given the prompt issuance of the notice, we cannot conclude that DOT engaged in delay that would support an affirmative defense of estoppel by laches or a due process violation.[13] Unlike a licensee who must serve a set period of disqualification, suspension or revocation before his operating privilege may be restored, Licensee need not suffer one more day of license cancellation, provided that he pays the State of New Jersey its restoration fee. Licensee was provided a five-week period between the issuance of the notice (November 29, 2005) and the effective date of the suspension (January 3, 2006), during which he could have satisfied his obligation to the State of New Jersey and avoided cancellation of his Pennsylvania driver's license. Under such circumstances, we cannot conclude that Licensee was prejudiced.

Accordingly, we must reverse the order of the trial court.

SMITH-RIBNER, J., dissents.

### *ORDER*

AND NOW, this 18th day of December, 2006, the order of the Court of Common Pleas of Lancaster County is hereby reversed.

---

**11.** *See Lancos v. Department of Transportation, Bureau of Driver Licensing,* 689 A.2d 342 (Pa.Cmwlth.1997); *Lemley v. Department of Transportation,* 97 Pa.Cmwlth. 469, 509 A.2d 1380 (1986), *petition for allowance of appeal denied,* 514 Pa. 620, 521 A.2d 934 (1987).

**12.** *Terraciano; Pokoy v. Department of Transportation, Bureau of Driver Licensing,* 714 A.2d 1162 (Pa.Cmwlth.1998); *Department of Transportation, Bureau of Driver Licensing v. Kazil,* 97 Pa.Cmwlth. 151, 510 A.2d 148 (1986), *petition for allowance of appeal denied,* 515 Pa. 587, 527 A.2d 546 (1987).

**13.** We reject the notion suggested by the trial court that DOT somehow had a responsibility to seek out the information related to Licensee's suspension. DOT acted upon the information as soon as it received it from the State of New Jersey. To require DOT to perform a search of the National Driving Register for every driver seeking renewal of his license would unduly burden DOT and licensed drivers in Pennsylvania.