**Charles Allen REARDON**

v.

**COMMONWEALTH of Pennsylvania DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 2007.

Decided Oct. 26, 2007.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Noah Geary, Washington, for appellee.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals an order of the Court of Common Pleas of Washington County (trial court) that sustained the appeal of Charles Allen Reardon (Licensee) and rescinded PennDOT's cancellation of Licensee's driver's license. PennDOT refused to reissue Licensee's driver's license based on an out-of-state suspension he received 20 years ago, despite the fact it continually renewed his license over a 16–year period. The trial court determined PennDOT's delay in notifying Licensee of the cancellation of his license was unreasonable and arbitrary. Concluding PennDOT failed to carry its initial burden of proof to warrant cancellation of Licensee's driver's license, we affirm on other grounds.[1]

By official notice dated January 2, 2007, PennDOT informed Licensee:

> Your right to apply for a driver's license ... is being denied due to information received from the State of MARYLAND indicating that your driving privileges are suspended. This denial is authorized by Section 1572 of the Vehicle Code. You will not be able to apply for a driver's license ... until sufficient proof of restoration is received from the State of MARYLAND.

Reproduced Record (R.R.) at 6a. Licensee filed a timely statutory appeal with the trial court, asserting his Maryland license "is no longer suspended therefore [PennDOT's] refusal to consider an application for [a driver's license] is improper...." R.R. at 4a.

At a *de novo* hearing before the trial court, PennDOT introduced a packet of

---

1. We may affirm an order for any reason, regardless of the trial court's rationale, so long as the basis for our decision is clear on the record. *Guy M. Cooper, Inc. v. E. Penn Sch. Dist.*, 903 A.2d 608 (Pa.Cmwlth.2006), *appeal denied*, 591 Pa. 706, 918 A.2d 748 (2007).

certified documents, including the notice sent to Licensee indicating the denial of his right to apply for a driver's license, a copy of Licensee's "PDPS[2] Duplicate Resolution Detail," and a copy of Licensee's certified Pennsylvania driving record. R.R. at 25a–41a. Licensee did not object to admission of these documents. PennDOT rested.

In response, Licensee testified he is originally from Washington County, Pennsylvania, and he resided in Maryland from 1980 through 1989. He testified he applied for (and presumably received) a Maryland driver's license, and his license was later suspended. Licensee explained he served the suspension, and his driving privileges were restored in Maryland in the late 1980s. He testified he moved back to Washington County in 1990. At that time, he applied for a Pennsylvania driver's license, which PennDOT issued. Licensee testified PennDOT renewed his license three or four times. He presented copies of the driver's licenses issued to him by PennDOT in 1996 and 2006.

Licensee testified around July 2006 he sought to renew his Pennsylvania license at a driver's license photo center and was informed for the first time that his Maryland suspension remained in effect. He further explained that from 1990 until July 2006, he did not receive any indication from the State of Maryland that his license remained suspended. He further testified during this period he did not receive any notice from PennDOT indicating his license was suspended in Maryland.

Additionally, in reviewing Licensee's certified Pennsylvania driving record, the trial court noted, after each of approximately six license suspensions in Pennsylvania, PennDOT restored Licensee's driving privileges without notifying Licensee of an existing suspension in Maryland.

After hearing, the trial court issued an order sustaining Licensee's appeal and reinstating his driving privileges. PennDOT filed a notice of appeal to this Court, and the trial court directed it to file a Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P.1925(b), which was timely filed. The trial court subsequently issued a 1925(a) opinion in which it stated:

This Court finds that [Licensee's] testimony was credible and uncontradicted. [Licensee] stated that he served the suspension in Maryland [20] years ago and when he returned to Pennsylvania, he exchanged a valid Maryland driver's license for a Pennsylvania driver's license. At no time did the Commonwealth of Pennsylvania or the State of Maryland notify [Licensee] that his license was still suspended.

[PennDOT] argues that this Court should ignore the facts that [it] repeatedly issued driver's license privileges to [Licensee] over a[16] year period and failed to issue a[n]otice of [c]ancellation to him during that time. This Court finds that a[16] year delay is unreasonable and to impose a suspension/cancellation after [16] years is arbitrary.

In this day and age of high tech computerization and the fact that the [Driver's License Compact (Compact), 75 Pa. C.S § 1581] has been in existence since 1996, [PennDOT] should have had the information of [Licensee's] Maryland suspension years ago. One of the pur-

---

2. The "PDPS" or "Problem Driver Pointer System" is "a system whereby the [National Driving Register] causes information regarding the motor vehicle driving records of individuals to be exchanged between the State which took adverse action against a driver (State of Record) and the State requesting the information (State of Inquiry)." 23 C.F.R. 1327.3.

poses of same is to "[m]ake the reciprocal recognition of licenses to drive and eligibility therefor *more just and equitable* by considering the overall compliance with motor vehicle laws . . . as a condition precedent to the continuance or issuance of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states." 75 Pa.C.S.A. § 1581(b)(2). While the Court recognizes that the Compact . . . exists for reciprocity and some uniformity among the party states, the phrase "more just and equitable" should also apply to the licensees. Thus the appeal was sustained.

Tr. Ct. Slip Op. at 1–2 (emphasis in original).

On appeal,[3] PennDOT raises three issues. First, it argues Licensee did not satisfy his burden of proving, by clear and convincing evidence, that Maryland restored his driving privileges. Second, PennDOT asserts the trial court's finding that under the Compact it should have had the information concerning Licensee's Maryland suspension years ago, is not supported by substantial evidence. Third, it asserts the trial court's findings that PennDOT unduly delayed in notifying Licensee of its refusal to renew his license and that this delay prejudiced Licensee are also unsupported.

PennDOT first argues its properly certified documents establish Licensee continues to have an extant operating privilege suspension in Maryland. Thus, it asserts, Licensee needed to offer "clear and convincing evidence" to rebut PennDOT's evidence. PennDOT contends the only evidence Licensee offered to rebut its *prima*

*facie* evidence is his own testimony, which is entirely equivocal, and which did not, in any event, rise to the level of "clear and convincing evidence."

Section 1572 of the Vehicle Code states in relevant part:

**(a) General rule.—**

(1) [PennDOT] may cancel any driver's license upon determining that one of the following applies:

(i) The licensee was not entitled to the issuance.

\* \* \* \*

**(b) Other states.—**[PennDOT] shall cancel a driver's license issued to an individual who has applied for a Pennsylvania driver's license after the commission of an offense in another state which later resulted in suspension, revocation or disqualification in the other state if the offense would have resulted in the suspension, revocation or disqualification under this title or where the offense was substantially similar to offenses which in this State would have caused a suspension, revocation or disqualification.

75 Pa.C.S. § 1572.

PennDOT also directs our attention to Section 1503 of the Vehicle Code, which states, as pertinent:

**(a) Persons ineligible for licensing.—** [PennDOT] shall not issue a driver's license to, or renew the driver's license of, any person:

(1) Whose operating privilege is suspended or revoked in this or any other state.

75 Pa.C.S. § 1503(a)(1).

■ To obtain a cancellation of Licensee's driver's license, PennDOT bore the

---

**3.** Our review is limited to determining whether the trial court's factual findings were supported by substantial evidence, whether errors of law were committed or whether the trial court's determination constituted a manifest abuse of discretion. *Mazza v. Dep't of Transp., Bureau of Driver Licensing,* 692 A.2d 251 (Pa.Cmwlth.1997).

initial burden of proving Licensee had a suspension in the State of Maryland when he applied to renew his driver's license in July 2006. *See, e.g., Dep't of Transp., Bureau of Driver Licensing v. Hoover,* 116 Pa.Cmwlth. 538, 543 A.2d 191 (1988).

PennDOT asserts it met this initial burden here through introduction of its packet of certified documents, which consists of: the notice sent to Licensee indicating the denial of his right to apply for a driver's license, a copy of Licensee's "PDPS Duplicate Resolution Detail," and a copy of Licensee's Pennsylvania driving record. PennDOT argues the "PDPS Duplicate Resolution Detail" establishes Licensee has a current suspension in the State of Maryland. *See* R.R. at 28a. We disagree.

More particularly, the PDPS printout reads as follows:

C7208200 2DL08406 PDPS Duplicate Resolution Detail PDT04596 03/29/07

| | | |
|---|---|---|
| Transaction ID | : 21135521 | 07088 11491027 IO 06 |
| PDPS State of Record | : MD MARYLAND | |
| PA Record Number | : 21135521 | |
| PDPS Rec No | : R635115051597 | |
| PA Customer Name | REARDON, CHARLES, ALLEN | |
| PDPS Name | : REARDON, CHARLES, ALLEN | |

| | | | | |
|---|---|---|---|---|
| PA Date of Birth | : 7/30/66 1 | PA Height/Weight: | 5 10 |
| PDPS DOB | : 7/30/66 | PDPS Height/Weight: | 5 10 165 |
| PA SSN | : [xxxxxxxxx] | PA Sex/Eye Color: | M BR |
| PDPS SSN | : [xxxxxxxxx] | PDPS Sex/Eye Color: | M OT |
| PDPS Status | : NOT | CDLIS Status: | NOT |
| 17-MATCH | 18-NO MATCH | 15-RETURN | 21-FIRST |

R.R. at 28a.

Based on the cryptic nature of the information contained in this printout, and in the absence of any testimony explaining the terms to the trial court, the PDPS Duplicate Resolution Detail does not establish Licensee's driving privileges remained suspended in Maryland as a matter of law. Further, as a matter of fact, the trial court was free to evaluate the document and give its ambiguous terms little weight.

To that end, we note that in cases where this Court determined PennDOT satisfied its initial burden to cancel a licen-

see's driver's license based on an out-of-state suspension, PennDOT admitted: a copy of the licensee's driving record from the state that imposed the suspension, which clearly indicated such suspension remained in effect, *see Hoover;* or, a copy of the licensee's out-of-state "Abstract of Driver History Record" indicating the "current status" of the licensee's operating privilege as "suspended." *Rothstein v. Dep't of Transp., Bureau of Driver's Licensing,* 922 A.2d 17, 20–21 (Pa.Cmwlth. 2006); *see also Walck v. Dep't of Transp., Bureau of Driver Licensing,* 155 Pa. Cmwlth. 1, 625 A.2d 1276 (1993).[4]

---

**4.** In *Lynch v. Dep't of Transp., Bureau of Driver Licensing,* 710 A.2d 126 (Pa.Cmwlth.1998), we noted PennDOT could not cancel a driver's license under Section 1572(b) of the Vehi-

■ Unlike the out-of-state driving record or abstract of driver history records produced by PennDOT in *Hoover, Rothstein* and *Walck*, which clearly revealed existing out-of-state suspensions that were not discharged, here the "PDPS" printout presented by PennDOT does not clearly show Licensee's operating privileges were suspended in Maryland when he applied to renew his license.

In short, Licensee's Pennsylvania driving record can only be described as shameful, and his numerous adventures on Pennsylvania roadways properly invited the scrutiny of PennDOT. Nevertheless, PennDOT did not produce sufficient evidence to meet its initial burden of proving Licensee's operating privilege remained suspended in Maryland at the time Licensee's applied to renew his license. As such, PennDOT improperly refused to renew Licensee's driver's license.

Based on the foregoing, we affirm on the other grounds.

### *ORDER*

AND NOW, this 26th day of October, 2007, the order of the Court of Common Pleas of Washington County is **AFFIRMED** on other grounds.

cle Code where it offered no testimony or documentation showing the licensee had an out-of-state license suspended or revoked.