# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Scott Becker,            :
                 Appellant     :
                               :
          v.                :   No. 1310 C.D. 2017
                               :   Submitted: April 20, 2018
Commonwealth of Pennsylvania,    :
Department of Transportation, Bureau :
of Driver Licensing                :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY
SENIOR JUDGE PELLEGRINI                     FILED: May 14, 2018

Frank Scott Becker (Becker) appeals an order of the Court of Common Pleas of Berks County (trial court) denying his license suspension appeal from the Department of Transportation, Bureau of Driver Licensing's (Department) one-year suspension of his operating privilege pursuant to Section 3804(e)(2)(i) of the Vehicle Code (Vehicle Code), 75 Pa. C.S. § 3804(e)(2)(i) (relating to suspension based upon a conviction for driving under the influence of alcohol (DUI)). We affirm.

## I.

The facts in this case are not in dispute. On December 28, 2010, Becker was charged with DUI in violation of Section 3802(a)(1) of the Vehicle

Code,[1] and he was convicted of this offense on October 15, 2012 (prior offense). The Department, in accordance with Section 3804(e)(2)(i) of the Vehicle Code, imposed a one-year suspension of Becker's operating privilege, effective December 11, 2012. Becker did not appeal his suspension for the prior offense, and his operating privilege was restored on December 17, 2013.

On November 6, 2011, Becker was again charged with DUI in violation of Section 3802(a)(1) of the Vehicle Code (underlying offense). For reasons not contained within the record, he was not convicted of this underlying offense until August 28, 2015.

The issue in this case is whether Becker falls within the exception to suspension set forth in Section 3804(e)(2)(iii) of the Vehicle Code that provides, "[t]here shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) [75 Pa. C.S. § 3804(a)] and the person has no prior offense." 75 Pa. C.S. §3804(e)(2)(iii). To fall within this exception to suspension, three conditions must be satisfied. First, the licensee must be convicted of violating 75 Pa. C.S. § 3802(a)(1) as an ungraded misdemeanor. Second, the licensee must be subject to the penalties contained in 75 Pa. C.S. § 3804(a). Third, the licensee must not have a "prior offense" as defined in Section 3806 of the Vehicle Code, 75 Pa. C.S. §

_____

[1] Section 3802(a)(1) states that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa. C.S. § 3802(a)(1).

3806.  Because the Department does not dispute that Becker satisfies the first two conditions, the only question is whether Becker had "no prior offense" when he was convicted on August 28, 2015, of DUI.  Whether a person has a "prior offense" for suspension purposes is determined under Section 3806(b) of the Vehicle Code.  The question here is what version of that provision applies to this appeal.

When Becker was criminally charged with both the prior and underlying DUI offenses, Section 3806(b) of the Vehicle Code pertaining to prior offenses stated:

> (b) Repeat offenses within ten years. - - **The calculation of prior offenses for purposes of sections . . . 3804 (relating to penalties) shall include any conviction**, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition **within the ten years before the present violation occurred** for any of the following:
>
> (1) an offense under section 3802 . . .[.]

*Former* Section 3806(b) of the Vehicle Code, 75 Pa. C.S. § 3806(b) (emphasis added).

However, prior to his conviction on the underlying offense, the General Assembly enacted the Act of October 27, 2014, P.L. 2905, No. 189 (Act 2014-189), which amended Section 3806(b) to read as follows:

3

(b) Repeat offenses within ten years. - - **The calculation of prior offenses for purposes of sections . . . 3804 (relating to penalties) shall include any conviction**, whether or not judgment of sentence has been imposed for the violation, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition **within the ten years before sentencing on the present violation** for any of the following:

(1) an offense under section 3802 . . . [ . ]

75 Pa. C.S. § 3806(b) (emphasis added) (*New* Section 3806(b) of the Vehicle Code.).[2]

This amendment changed the "look back" date used to establish whether a separate incident can be considered a "prior offense" when assessing penalties under Section 3804 of the Vehicle Code. While the former statutory version included any conviction within ten years before the present violation, the amended provision includes any conviction **within ten years before sentencing on the present violation**. Moreover, Section 2 of Act 2014-189 provides that *New* Section 3806(b) "shall apply to persons sentenced on or after [December 26, 2014,] the effective date of this section."

Given this intervening change in the law, by notice dated October 8, 2015, the Department informed Becker that his November 6, 2011 DUI was a

_____

[2] We note that, subsequent to Becker's license suspension appeal, Section 3806(b) of the Vehicle Code was amended yet again. As the current version of that provision is not applicable to this case, it will not be discussed herein.

"prior offense" under the *New* Section 3806(b), requiring that his operating privilege be suspended for one year pursuant to Section 3804(e)(2)(i).

Becker appealed his suspension to the trial court contending that *New* Section 3806(b) should not be applied retroactively because *Former* Section 3806(b) was in effect when he committed both of his DUI violations. He contends that since *Former* Section 3806(b) applies, he falls within the exception to the suspension because he did not have a "prior offense" as he was not convicted of his first offense when his second DUI occurred. He also argues that to apply *New* Section 3806(b) would impose unconstitutional *ex post facto* punishment.

The trial court denied Becker's appeal. It held that the language of *New* Section 3806(b) unambiguously provides that it is to be applied to all future offenses in determining whether a person had a "prior offense" for the purpose of the exception to suspension set forth in 75 Pa. C.S. §3804(e)(2)(iii). Because Becker's conviction occurred on August 28, 2015, well after the effective date for *New* Section 3806(b), and Becker's prior offense occurred within ten years of his sentencing on the underlying offense, he did not fall within the exception to suspension. The trial court further rejected Becker's claim that his suspension violates the *ex post facto* clauses of the Pennsylvania and United States Constitutions because suspension of his operating privilege is a civil consequence of a conviction, not a criminal penalty. This appeal followed.[3]

---

[3] Our review in a license suspension appeal is limited to determining whether the trial court erred as a matter of law or abused its discretion, and whether factual findings are supported by competent evidence. *Rothstein v. Department of Transportation, Bureau of Driver Licensing*, **(Footnote continued on next page…)**

5

## II.

## A.

Becker first argues that the trial court erred in retroactively applying *New* Section 3806(b) rather than the *Former* version that was in effect at the time he committed both the prior and underlying offenses because he committed the underlying offense on November 6, 2011, long before *New* Section 3806(b) became effective on December 26, 2014. We disagree.

In rejecting a similar retroactivity argument of a DUI offender with respect to the ignition interlock law in *Alexander v. Commonwealth*, our Supreme Court explained:

> "a statute does not operate retrospectively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment." *Gehris v. Commonwealth, Department of Transportation*, [] 369 A.2d 1271, 1273 ([Pa.] 1977). Thus, under this Court's precedent, "Retroactive laws have been defined as those which take away or impair vested rights acquired under existing laws, create new obligations, impose a new duty, or attach a new disability in respect to the transaction or consideration already past." *Nicholson v. Combs*, [] 703 A.2d 407, 411 ([Pa.] 1997) (citing Black's Law Dictionary, 1184 (6th ed. 1990)).

**(continued…)**

922 A.2d 17, 19 n.6 (Pa. Cmwlth. 2006). Where, as is the case here, the material facts are undisputed, the appeal presents a pure question of law and our scope of review is plenary. *Id.*

880 A.2d 552, 559 (Pa. 2005). In that case, the licensee had three DUI convictions, only one of which arose after enactment of the ignition interlock law. The Supreme Court held that the statute did not violate any restriction on retroactive applications because it did not look back and enhance the punishment offenders received for their prior DUI convictions; rather, it only applied to those DUI convictions occurring after the effective date of the law.

Similarly, here, the language of Act 2014-189 unambiguously states that *New* Section 3806(b) shall apply to persons **sentenced** on or after December 26, 2014, the effective date of the Act. The triggering date for the suspension is the date Becker was sentenced, not the date he committed the underlying offense. Because Becker was not sentenced for the underlying offense until August 28, 2015, after the effective date of the Act, he falls squarely within the language of *New* Section 3806(b) and the Department did not improperly apply the statute retroactively. *See also Kocis v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 31 C.D. 2016, filed August 3, 2016)[4] (citing *Schrankel v. Department of Transportation, Bureau of Driver Licensing*, 755 A.2d 690, 692 (Pa. 2000); *Martz v. Department of Transportation, Bureau of Driver Licensing*, 924 A.2d 745, 749 (Pa. Cmwlth. 2007)).

---

[4] Pursuant to § 414 of this Court's Internal Operating Procedures, this unreported opinion is not binding precedent but cited only for its persuasive value. *Kocis* is particularly persuasive as the facts of that case are nearly identical to those before us in the present appeal.

**B.**

Next, Becker argues that applying *New* Section 3806(b) to his conviction on the underlying offense violates the *ex post facto* provisions of both the United States and Pennsylvania Constitutions.[5] In essence, he argues that suspending his operating privilege for one year for the underlying offense is not truly a civil penalty because it enhances the punishment he received for this conviction.

"The *Ex Post Facto* clause speaks only to retroactive punishment. Thus, the issue becomes whether the civil disability imposed on [licensee] . . . constitutes punishment." *Lehman v. Pennsylvania State Police*, 839 A.2d 265, 270 (Pa. 2003). Our courts have repeatedly held that license suspension appeals are civil in nature, and that a DUI offender's loss of his or her operating privilege is not a criminal penalty and does not constitute punishment. *See, e.g.*, *Boseman v. Department of Transportation, Bureau of Driver Licensing*, 157 A.3d 10, 20-21 (Pa. Cmwlth. 2017); *Frederick v. Department of Transportation, Bureau of Driver Licensing*, 802 A.2d 701, 704 (Pa. Cmwlth. 2002). Because it is well settled that suspension of a DUI offender's operating privilege is not a criminal penalty, Becker's *ex post facto* claims fail.

---

[5] Article I of the United States Constitution provides, in pertinent part, "No state shall . . . pass any Bill of Attainder, *ex post facto* Law, or Law impairing the Obligation of Contracts. . . ." U.S. Const. art. I, § 10. Similarly, article 1, section 17 of the Pennsylvania Constitution provides, "No *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." Pa. Const. art. 1, § 17. These clauses have been interpreted as being effectively identical. *See Commonwealth v. Young*, 637 A.2d 1313 (Pa. 1993).

Accordingly, we affirm the order of the trial court.


_____

DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Scott Becker,           :
                Appellant   :
                        :
           v.           :  No. 1310 C.D. 2017
                        :
Commonwealth of Pennsylvania,  :
Department of Transportation, Bureau :
of Driver Licensing         :

# **O R D E R**

AND NOW, this 14th day of May, 2018, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge