# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kathryn Leigh Diveglia | : | |
| | : | |
| v. | : | No. 979 C.D. 2018 |
| | : | Argued: October 3, 2019 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE ROBERT SIMPSON, Senior Judge

OPINION BY JUDGE BROBSON        FILED:  October 31, 2019

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Bureau), appeals from an order of the Court of Common Pleas of Allegheny County (trial court), dated June 28, 2018.  The trial court's order sustained the appeal of Kathryn Leigh Diveglia (Licensee), thereby effectively reversing Licensee's license suspension.  For the reasons discussed below, we reverse the trial court's order.

On February 27, 2016, Licensee violated Section 3802(a)(1) of the Vehicle Code, 75 Pa. C.S. § 3802(a)(1), by committing the offense of driving under the influence of alcohol (DUI), which was an "ungraded misdemeanor"[1] (First DUI). (Reproduced Record (R.R.) at 23a, 46a.)  On November 15, 2016, Licensee was accepted into the Accelerated Rehabilitative Disposition program (ARD) in

---

[1] *See* 75 Pa. C.S. § 3803(a)(1).

connection with the First DUI. (*Id*. at 46a.) On November 18, 2016, three days after Licensee began ARD, she committed another DUI (Second DUI). The Second DUI is an offense under Section 3802(c) of the Vehicle Code, 75 Pa. C.S. § 3802(c)—*i.e.*, "[h]ighest rate of alcohol"—which is graded as a misdemeanor of the first degree.[2] As a result of committing the Second DUI, Licensee failed to complete ARD.[3] (*Id*. at 28a, 46a.) The trial court convicted Licensee on the *Second DUI charge on August 9, 2017*, and convicted Licensee on the *First DUI charge*—as a result of failing to complete ARD—*on March 2, 2018*. (*Id*. at 23a, 28a.)

As a civil collateral consequence of Licensee's offenses, the Vehicle Code mandates that the Bureau suspend Licensee's driver's license for a certain period of time, depending on the severity of the offense and any prior offenses.[4] With respect to the Second DUI, on August 11, 2017, the Bureau received a certified record of Licensee's conviction. (R.R. at 28a.) As a result, the Bureau suspended Licensee's operating privilege for a period of eighteen months pursuant to Section 3804(e)(2)(ii) of the Vehicle Code, 75 Pa. C.S. § 3804(e)(2)(ii), which imposes an eighteen-month suspension. (*Id*. at 24a.) Thereafter, on March 7, 2018, the Bureau received a certified record of Licensee's conviction for the First DUI. (*Id*. at 23a.) Licensee's conviction on the First DUI charge resulted in the Bureau

---

[2] *See* 75 Pa. C.S. § 3803(b)(4).

[3] Section 3807 of the Vehicle Code, 75 Pa. C.S. § 3807, sets forth the rules governing ARD. Pursuant to Section 3807(e) of the Vehicle Code, when a licensee fails to adhere to the conditions of participation in ARD, the court must "direct the attorney for the Commonwealth to proceed on the charges as prescribed in the Rules of Criminal Procedure."

[4] *Middaugh v. Dep't of Transp., Bureau of Driver Licensing*, 196 A.3d 1073, 1079 (Pa. Cmwlth. 2018) (en banc), *appeal granted*, 208 A.3d 460 (Pa. 2019).

suspending Licensee's operating privilege for twelve months pursuant to Section 3804(e)(2)(i) of the Vehicle Code. (*Id*. at 20a.)

On May 21, 2017, Licensee appealed to the trial court the Bureau's decision to suspend her license for a period of twelve months.[5] (*Id*. at 3a.) On June 28, 2018, the trial court held a hearing in order to determine whether the Bureau's year-long suspension of Licensee's operating privilege was improper. (*Id*. at 7a-17a.) At the hearing, counsel for Licensee argued that at the time of Licensee's conviction on the First DUI charge she had no prior offense and was subject to the exception to license suspension as provided by Section 3804(e)(2)(iii) of the Vehicle Code, 75 Pa. C.S. § 3804(e)(2)(iii); therefore, the Bureau should not have suspended Licensee's operating privilege. (*Id*. at 13a-14a.) In response, the Bureau contended that the *conviction* for the First DUI occurred second in time to the *conviction* for the Second DUI, and, therefore, the conviction on the Second DUI charge operated as a prior offense. (*Id*. at 14a-16a.) At the hearing, the trial court judge agreed with counsel for Licensee and sustained Licensee's appeal. (*Id*. at 17a.) In so doing, the trial court judge, in referring to the conviction on the First DUI charge, reasoned: "It was her first offense. You can't change the calendar. This appeal is sustained[,] and you can tell them to appeal me." (*Id*. at 17a.) Thereafter, on June 28, 2018, the trial court issued an order sustaining Licensee's appeal. (*Id.* at 33a.) The Bureau then appealed to this Court.

On appeal,[6] the Bureau argues that the trial court committed an error of law in concluding that Licensee was entitled to the exemption from license

---

[5] Licensee filed a statutory appeal under Section 1550 of the Vehicle Code, 75 Pa. C.S. § 1550.

[6] This Court reviews a trial court's order from a driver's license suspension to determine whether the trial court's findings are supported by competent evidence and whether the trial court

3

suspension set forth in Section 3804(e)(2)(iii) of the Vehicle Code. Specifically, the Bureau contends that Licensee was convicted of the Second DUI before she was convicted of the First DUI, such that the Second DUI operates as a prior offense, and, therefore, Licensee may not take advantage of the exemption from license suspension. Licensee counters, contending the trial court correctly concluded that her *commission* of the First DUI prior in time to the Second DUI means that Licensee had no prior offense and the Bureau should have applied the exemption from license suspension in this instance.

Section 3802 of the Vehicle Code delineates the various offenses pertaining to driving under the influence of alcohol or a controlled substance, and Section 3804 of the Vehicle Code, 75 Pa. C.S. § 3804, pertaining to penalties, sets forth both the criminal and civil consequences for convictions for those offenses. Section 3804(e) of the Vehicle Code, 75 Pa. C.S. § 3804, governs "suspension of operating privilege upon conviction" and provides:

> (1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
>
> > (i) an offense under [S]ection 3802 [of the Vehicle Code]; or
>
> > (ii) an offense which is substantially similar to an offense enumerated in [S]ection 3802 [of the Vehicle Code] reported to the department under Article III of the compact in section 1581 (relating to Driver's License Compact).
>
> (2) Suspension under paragraph (1) shall be in accordance with the following:

---

committed an error of law or an abuse of discretion. *Cesare v. Dep't of Transp., Bureau of Driver Licensing*, 16 A.3d 545, 548 n.6 (Pa. Cmwlth.), *appeal denied*, 23 A.3d 1057 (Pa. 2011).

(i) Except as provided for in subparagraph (iii), *12 months for an ungraded misdemeanor* or misdemeanor of the second degree under this chapter.

(ii) *18 months for a misdemeanor of the first degree* or felony of the third degree under this chapter.

(iii) *There shall be no suspension for an ungraded misdemeanor under* [*S*]*ection 3802(a)* [*of the Vehicle Code*] *where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.*

(Emphasis added.) The exception set forth in Section 3804(e)(2)(iii) of the Vehicle Code applies if three conditions are met:

First, the licensee must be convicted of violating 75 Pa. C.S. § 3802(a)(1) as an ungraded misdemeanor. Second, the licensee must be subject to the penalties contained in 75 Pa. C.S. § 3804(a). Third, the licensee must not have a "prior offense" as defined in Section 3806 of the Vehicle Code, 75 Pa. C.S. § 3806.

*Becker v. Dep't of Transp., Bureau of Driver Licensing*, 186 A.3d 1036, 1037-38 (Pa. Cmwlth. 2018). Here, there is no dispute that Licensee meets the first two requirements. We will, therefore, address the remaining question of whether, at the time Licensee was convicted on the First DUI charge, Licensee had a prior offense within the meaning of Section 3806 of the Vehicle Code.

Section 3806 of the Vehicle Code, 75 Pa. C.S. § 3806, provides, in relevant part:

**(a) General rule.--**Except as set forth in subsection (b), the term *"prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed*, adjudication of delinquency, juvenile consent decree, *acceptance of* [*ARD*] or other form of preliminary disposition before

5

the sentencing on the present violation for any of the following:

> (1) an offense under [S]ection 3802 [of the Vehicle Code] (relating to driving under influence of alcohol or controlled substance);
>
> . . . .

**(b) Timing.--**

> (1) For purposes of [S]ection[] . . . 3804 [of the Vehicle Code] (relating to penalties) . . . , the prior offense must have occurred:
>
> > (i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or
> >
> > (ii) on or after the date of the offense for which the defendant is being sentenced.

(Emphasis added.)

The term "prior offense," therefore, refers to a conviction for which a sentence has been imposed as well as preliminary dispositions received for violations of the Vehicle Code[7] before sentencing on the violation at issue—*i.e.*, a conviction, adjudication of delinquency, juvenile consent decree, acceptance of ARD, or other forms of preliminary disposition before sentencing on an offense. In addition to determining whether a licensee has a prior offense, we must also determine whether such prior offense occurred within the time periods provided by Section 3806(b) of the Vehicle Code. Where, as here, penalties are imposed under Section 3804 of the Vehicle Code, Section 3806(b) of the same provides that the prior offense must have occurred either (1) during the ten-year time period before the date the licensee received a preliminary disposition on the offense said licensee is being sentenced for; or (2) on or after the date on which the licensee received a preliminary disposition on the offense for which the licensee is being sentenced.

---

[7] 75 Pa. C.S. §§ 101-9901.

6

In the instant matter, Licensee committed the First DUI in February 2016 and received a preliminary disposition on the First DUI charge upon her acceptance of ARD on November 15, 2016. When Licensee committed the Second DUI on November 18, 2016, she failed to successfully complete ARD and was later convicted on the Second DUI charge on August 9, 2017. The Second DUI is graded as a misdemeanor of the first degree and carries with it an eighteen-month suspension pursuant to Section 3804(e)(2)(ii) of the Vehicle Code. Accordingly, after receiving record of this conviction, the Bureau suspended Licensee's operating privilege for eighteen months.[8]

Licensee was subsequently convicted on the First DUI charge on March 2, 2018. Importantly, the First DUI is an ungraded misdemeanor and could have resulted in either (1) a twelve-month license suspension, or (2) no license suspension provided that Licensee had no prior offense and had been subjected to the penalties provided in Section 3804(a) of the Vehicle Code. *See* Sections 3804(e)(2)(iii) and 3806 of the Vehicle Code. The Bureau imposed a twelve-month suspension of Licensee's operating privilege, presumably having determined that Licensee had a prior offense. At the time Licensee was convicted

---

[8] In her brief, Licensee suggests that the Bureau imposed an eighteen-month suspension for her Second DUI conviction because the Bureau allegedly counted her acceptance of ARD for the First DUI as a "prior offense." (*See* Licensee's Amended Br. at 7.) It is clear, however, that Section 3804(e)(2)(ii) of the Vehicle Code required the Bureau to suspend Licensee's operating privilege for eighteen months due to the grading of the conviction on the Second DUI charge as a misdemeanor of the first degree, regardless of whether Licensee had a prior offense. Whether Licensee had a prior offense was relevant in this instance only to the *criminal sentence* to be imposed under Section 3804(c) of the Vehicle Code and not to the *civil consequence—i.e.*, license suspension—under Section 3804(e) of the Vehicle Code. Thus, whether Licensee had a prior offense at the time of the imposition of the suspension for the Second DUI conviction would have been irrelevant to the Bureau. In other words, the Bureau was required to impose an eighteen-month suspension on Licensee as a result of her conviction for the Second DUI, regardless of whether Licensee had a prior offense.

on the First DUI charge, Licensee's August 9, 2017 conviction on the Second DUI charge met the definition of prior offense under Section 3806 of the Vehicle Code. Further, this conviction occurred "within [ten] years prior to the date of the [preliminary disposition] for which the defendant is being sentenced"—*i.e.*, within the ten-year period before the March 2, 2018 conviction. *See* Section 3806(b)(i) of the Vehicle Code. We, therefore, agree with the Bureau that Licensee's conviction on the Second DUI charge was a prior offense, and Licensee could not, therefore, reap the benefits of the exception listed in Section 3804(e)(2)(iii) of the Vehicle Code. Consequently, the trial court committed an error of law by concluding that the conviction on the Second DUI charge could not be a prior offense to the conviction on the First DUI charge based upon the date of *commission* as opposed to the date of *preliminary disposition—i.e.*, acceptance into ARD or conviction. Thus, the trial court erred in sustaining Licensee's appeal, thereby effectively reversing Licensee's license suspension.

Furthermore, we reject Licensee's argument that the Bureau is required by the actions of the sentencing court to disregard the Second DUI for purposes of determining whether Licensee had a prior offense as to the First DUI. Licensee contends that the sentencing court, when imposing its criminal sentence for the Second DUI, considered Licensee's acceptance of ARD for the First DUI as a prior offense, as evidenced by the imposition of a harsher *criminal* sentence for the Second DUI under Section 3804(c)(2) of the Vehicle Code as opposed to a more lenient sentence under Section 3804(c)(1) of the Vehicle Code.[9] Licensee claimed that,

_____

[9] Section 3804(c) of the Vehicle Code provides:

8

because the sentencing court viewed the First DUI as a prior offense as it related to the Second DUI, the Bureau could not proceed as if the reverse was true—*i.e.*, that the Second DUI acted as a prior offense for purposes of imposing a license suspension for the subsequent conviction for the First DUI. In making this argument, Licensee essentially asks this Court to disregard the clear and unambiguous statutory definition of "prior offense" set forth in Section 3806 of the Vehicle Code. We decline to do so.

---

**(c) Incapacity; highest blood alcohol; controlled substances**.--An individual who violates . . . [S]ection 3802(c) [of the Vehicle Code] . . . shall be sentenced as follows:

(1) For a first offense, to:

    (i)  undergo imprisonment of not less than 72 consecutive hours;

    (ii)  pay a fine of not less than $1,000 nor more than $5,000;

    (iii) attend an alcohol highway safety school approved by the department; and

    (iv) comply with all drug and alcohol treatment requirements imposed under [S]ections 3814 and 3815 [of the Vehicle Code].

(2) For a second offense, to:

    (i)  undergo imprisonment of not less than 90 days;

    (ii)  pay a fine of not less than $1,500;

    (iii) attend an alcohol highway safety school approved by the department; and

    (iv) comply with all drug and alcohol treatment requirements imposed under [S]ections 3814 and 3815 [of the Vehicle Code].

(3) For a third or subsequent offense, to:

    (i) undergo imprisonment of not less than one year;

    (ii) pay a fine of not less than $2,500; and

    (iii) comply with all drug and alcohol treatment requirements imposed under [S]ections 3814 and 3815 [of the Vehicle Code].

The sole issue before this Court in this matter is whether, at the time of Licensee's conviction on the First DUI offense, Licensee had a prior offense within the meaning of Section 3806 of the Vehicle Code. Whether the sentencing court treated the Second DUI as a first, second, or third offense for purposes of *criminal* sentencing matters not. If, prior to sentencing on the most recent violation of Section 3802 of the Vehicle Code, a licensee has received a preliminary disposition for violations of Section 3802 of the Vehicle Code, the licensee has a prior offense. As discussed earlier in this opinion, prior to sentencing on the First DUI, Licensee had a conviction on the Second DUI, and, therefore, had a prior offense for purposes of license suspension under Section 3804(e)(2)(iii) of the Vehicle Code.

In reaching this conclusion, we note that, for purposes of imposing criminal sentences for violations of various subsections of Section 3802 of the Vehicle Code, Section 3804 of the Vehicle Code takes into consideration whether the offense for which the person is being charged is a "first," "second," "third," "fourth," or "subsequent offense" and imposes increasingly harsher sentences on licensees who have had more offenses. *See* 75 Pa. C.S. § 3804(a)-(c.1). Those sentencing subsections do not reference the concept of "prior offenses."[10] Rather, the only reference in Section 3804 of the Vehicle Code to the term "prior offense" is found in subsection (e)(2)(iii), which provides a narrowly tailored exception from

---

[10] The existence of a prior offense is relevant for purposes of the grading of a violation under Section 3803 of the Vehicle Code, 75 Pa. C.S. § 3803. That being said, here, whether Licensee had no prior offense or one prior offense would not have affected the grading of Licensee's violation of Section 3802(a)(1) of the Vehicle Code, as both of those circumstances would have resulted in the violation being an ungraded misdemeanor. *See* 75 Pa. C.S. § 3803(a)(1). Similarly, whether Licensee had no prior offense or one prior offense would not have affected the grading of Licensee's violation of Section 3802(c) of the Vehicle Code, as any violation of that section yields a grading of a misdemeanor of the first degree. *See* 75 Pa. C.S. § 3803(b)(4).

10

suspension where a licensee has "an ungraded misdemeanor under Section 3802(a) [of the Vehicle Code]"—which is the lowest of the prohibited impairment levels— and "the person is subject to the penalties provided in subsection (a) and . . . has no prior offense." 75 Pa. C.S. § 3804(e)(2)(iii). Thus, in the license suspension realm, whether a licensee has a prior offense is relevant for one purpose only—to determine whether a licensee with an offense for the lowest level of prohibited impairment— *i.e.*, impairment as defined in Section 3802(a) of the Vehicle Code—is excused from the twelve-month suspension that otherwise would be imposed under Section 3804(e)(2)(i) of the Vehicle Code. If the licensee has had any prior offense as defined in Section 3806(b) of the Vehicle Code, then the licensee is not entitled to the exception.[11, 12]

---

[11] We further note that the imposition of a twelve-month suspension for a violation of Section 3804(a) of the Vehicle Code is not a matter of an imposition of an enhanced penalty as a result of a prior offense. To the contrary, imposition of a twelve-month suspension is the standard suspension for a violation of Section 3802(a) of the Vehicle Code. Again, the exception of no suspension for a violation of Section 3802(a) is available only to those licensees who have had no prior offense. *See* 75 Pa. C.S. §§ 3804(e)(2), 3806.

[12] This Court considered similar arguments regarding the timing of offenses for purposes of application of Section 3804(e)(2)(iii) of the Vehicle Code in *Pavlinich v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1973 C.D. 2016, filed June 29, 2017), an unreported opinion that neither party refers to in their briefs. In *Pavlinich*, a licensee was charged in 2014 with a violation of Section 3802(c) of the Vehicle Code (2014 DUI) and accepted ARD for that offense, which is a misdemeanor of the first degree. In 2015, the licensee was again charged with another violation of Section 3802(c) (2015 DUI). He pled guilty and was sentenced to prison as a second offense. The licensee did not appeal that sentence. Thereafter, the Bureau imposed an eighteen-month license suspension for the 2015 DUI pursuant to Section 3804(e)(2)(ii) of the Vehicle Code. As a result of that conviction, the licensee's ARD was revoked, and he was later convicted of a violation of Section 3802(a) of the Vehicle Code, which carries with it pursuant to Section 3804(e)(2) of the Vehicle Code a twelve-month suspension or, if no prior offense, no suspension. The Bureau treated the 2015 DUI as a prior offense for purposes of imposing a license suspension for the 2014 DUI. The licensee appealed, and the common pleas court sustained the appeal. We affirmed. In reaching that decision, it appears that the parties and this Court were operating under a belief that the suspension for

11

Based on the above discussion, we reverse the trial court's order.



P. KEVIN BROBSON, Judge

---

the 2015 DUI was an enhanced penalty due to the existence of a prior offense, such that the licensee was subject to enhanced penalties for prior offenses on both of his license suspensions. Thus, the Court's analysis in *Pavlinich* relied upon circumstances that do not exist in the case now before the Court, and, thus, the decisions are distinguishable. Furthermore, pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent." Accordingly, while we may look to our decision in *Pavlinich* for guidance, it is not controlling in this matter.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kathryn Leigh Diveglia | : | |
| | : | |
| v. | : | No. 979 C.D. 2018 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 31ˢᵗ day of October, 2019, the order of the Court of Common Pleas of Allegheny County, dated June 28, 2018, is REVERSED, and Kathryn Leigh Diveglia's license suspension is REINSTATED.

P. KEVIN BROBSON, Judge