IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kasey Lockcuff Owens          :
                                  :
          v.                : No. 1268 C.D. 2020
                                    : Submitted: June 3, 2022
Commonwealth of Pennsylvania,  :
Department of Transportation,     :
Bureau of Driver Licensing,       :
                                  :
                Appellant   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED: September 30, 2022

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals the November 12, 2020 order of the Lancaster County Court of Common Pleas (trial court), sustaining the statutory appeal of Kasey Lockcuff Owens (Licensee) and rescinding the 12-month suspension of her operating privilege for driving under the influence (DUI) because DOT erroneously concluded that it was her second DUI offense. On appeal, DOT contends that the suspension was warranted because Licensee's first DUI, which was disposed of the through the Accelerated Rehabilitative Disposition (ARD) program, is considered a "prior offense" for license suspension purposes. Following review, we reverse.

On August 26, 2014, Licensee was accepted into the Lancaster County ARD Program based on a charge of DUI – high rate of alcohol (1st offense) in violation of Section 3802(b) of the Vehicle Code, 75 Pa. C.S. §3802(b),[1] stemming from an incident that occurred on December 23, 2013. Reproduced Record (R.R.) at 32a. As a result of her acceptance into ARD, and in accordance with Section 3807(d)(2) of the Vehicle Code, 75 Pa. C.S. §3807(d)(2) (relating to mandatory suspension of operating privileges), DOT suspended Licensee's driving privilege for 30 days. R.R. at 29a-31a. Licensee completed the suspension, and DOT restored her driving privilege effective October 9, 2014. *Id.* at 28a.

On July 6, 2020, Licensee was convicted, in the Dauphin County Court of Common Pleas, of DUI – general impairment (1st offense) in violation of Section 3802(a)(2) of the Vehicle Code, 75 Pa. C.S. §3802(a)(2),[2] for an offense that occurred on September 28, 2019, and sentenced under Section 3804(a)(1) of the

---

[1] Section 3802(b) provides:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa. C.S. §3802(b).

[2] Section 3802(a)(2) provides:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa. C.S. §3802(a)(2).

Vehicle Code, 75 Pa. C.S. §3804(a)(1).[3]  R.R. at 26a.  As a result of this DUI conviction, DOT informed Licensee, by notice mailed on July 15, 2020, that it was suspending her driving privilege for one year, effective August 19, 2020, pursuant to Section 3804(e)(2)(i) of the Vehicle Code, 75 Pa. C.S. § 3804(e)(2)(i), which imposes a 12-month suspension.[4]  R.R. at 22a-25a.  Licensee appealed her license suspension to the trial court, and oral argument was heard on November 12, 2020. *Id.* at 5a-14a, 17a.

At the hearing, DOT's counsel first explained the contents of DOT's certified packet of documents, including Exhibit C-1 (Licensee's Certified Driving

---

[3] Section 3804(a)(1) of the Vehicle Code provides as follows:

> **(a) General impairment.--**Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:
>
> (1) For a first offense, to:
>
>> (i) undergo a mandatory minimum term of six months' probation;
>>
>> (ii) pay a fine of $300;
>>
>> (iii) attend an alcohol highway safety school approved by the department; and
>>
>> (iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).

75 Pa. C.S. §3804(a)(1).

[4] Section 3804(e)(2)(i) of the Vehicle Code provides that "[s]uspension under paragraph (1) shall be in accordance with the following:  (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter." 75 Pa. C.S. §3804(e)(2)(i).

Record), which included the July 15, 2020 notice of suspension resulting from Licensee's conviction under Section 3802(a)(2), and Exhibit C-2 (DL-21 Form), noting that Exhibit C-2 showed Licensee was convicted of DUI as a first offense, ungraded misdemeanor and sentenced under Section 3804(a)(1) of the Vehicle Code, 75 Pa. C.S. § 3804(a)(1). R.R. at 18a. DOT's counsel also pointed to other documents in the packet showing that Licensee had previously accepted ARD for her violation of Section 3802(b) and served a license suspension based thereon. *Id.* DOT's counsel then claimed that Licensee's prior acceptance of ARD for DUI constituted a "prior offense" under the Vehicle Code. *Id.* DOT's counsel acknowledged the Superior Court's recent decision in *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), which held that acceptance of ARD cannot count as a "prior offense" under Section 3806 of the Vehicle Code, 75 Pa. C.S. §3806,[5] with respect to the criminal sentencing provisions of the Vehicle Code. R.R. at 18a. Counsel then clarified that DOT's position was that *Chichkin* only applies to criminal sentences, and not to civil license suspension appeals. *Id.*

---

[5] Section 3806 of the Vehicle Code provides, in relevant part:

> **(a) General rule.--**Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa. C.S. §3806.

Licensee's counsel conceded that Licensee had previously completed ARD in 2013 for a prior DUI and served a license suspension in relation thereto. R.R. at 18a. Counsel further conceded that Licensee pled guilty to another DUI in June 2020, but contended that, based on *Chichkin* and Licensee's/counsel's impression that there would be no license suspension upon Licensee pleading guilty to a first offense DUI, there should not have been a 12-month license suspension imposed here because Licensee had no prior offense.[6] *Id.* From the bench, the trial court held that because ARD no longer counts as a prior offense in criminal cases under *Chichkin*, then it should no longer count as a prior offense in civil license suspension cases. *Id.* at 18a-19a. Accordingly, on November 12, 2020, the trial court entered an order sustaining Licensee's appeal and rescinding her license suspension. *Id.* at 37a. DOT then appealed the trial court's order to this Court. *Id.* at 40a-45a.

On March 11, 2021, the trial court issued a memorandum and order explaining the reasoning for its decision. R.R. at 68a-69a. The trial court specifically found that Licensee was convicted of DUI – general impairment on July 6, 2020, stemming from an incident that occurred on September 28, 2019, and that Licensee had a prior DUI within 10 years of the July 2020 conviction, which was disposed of through the ARD Program. The trial court also noted that DOT treated the prior DUI resulting in ARD as a first offense, and the second DUI conviction in 2020 as a second offense under Section 3806(a) of the Vehicle Code for license suspension purposes. The trial court acknowledged *Chichkin*'s holding that Section

---

[6] Although not explicitly stated, we glean Licensee's overarching argument to be that she has met the exception to license suspension set forth in Section 3804(e)(2)(iii) of the Vehicle Code, 75 Pa. C.S. §3804(e)(2)(iii), which provides that "[t]here shall be no license suspension for an ungraded misdemeanor under [S]ection 3802(a) where the person is subject to the penalties provided in subsection (a) *and the person has no prior offense*." (Emphasis added.)

5

3806(a) is unconstitutional to the extent that it defines a prior acceptance of ARD in a DUI case as a "prior offense" for DUI sentencing purposes, and that *Chichkin* did not address the civil penalties of the Vehicle Code. Nevertheless, the court "found that for [DOT] to treat [] ARD as a prior offense for the purpose of calculating a [civil] penalty violated the spirit of *Chichkin*." R.R. at 69a. Accordingly, based on the above, and relying on *Chichkin*, the trial court sustained the appeal and overturned Licensee's suspension.

On appeal,[7] DOT raises one issue. It argues that the trial court erred as a matter of law in holding that Licensee's prior acceptance of ARD in 2014 for her 2013 violation of Section 3802(b) of the Vehicle Code did not constitute a prior offense, as defined by Section 3806 of the Vehicle Code, to her recent conviction in 2020 for her 2019 violation of Section 3802(a)(2) of the Vehicle Code. In response, Licensee contends that, "in light of *Chichkin*['s holding that a prior ARD acceptance[] does not constitute a prior offense], we are in unprecedented territory." Licensee's Brief at 3. Essentially, Licensee argues that, based on *Chichkin*'s holding, she had no prior offense in this case and, thus, is exempt from the one-year license suspension imposed by DOT pursuant to the exception to suspension set forth in Section 3804(e)(2)(iii) of the Vehicle Code.

Section 3802 of the Vehicle Code provides various offenses relating to driving under the influence of alcohol or controlled substances. Section 3804 of the Vehicle Code sets forth both criminal and civil consequences for convictions for those offenses under Section 3802. Section 3804(e) specifically governs the

---

[7] This Court's scope of review is limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Piasecki v. Department of Transportation, Bureau of Driver Licensing*, 6 A.3d 1067, 1070 n.7 (Pa. Cmwlth. 2010).

"[s]uspension of operating privileges upon conviction" and provides, in relevant part:

> (1) [PennDOT] shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
>
> > (i) an offense under [S]ection 3802; or
> >
> > (ii) an offense which is substantially similar to an offense enumerated in [S]ection 3802 reported to the department under Article III of the compact in [S]ection 1581 (relating to Driver's License Compact).
>
> (2) Suspension under paragraph (1) shall be in accordance with the following:
>
> > (i) *Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor* or misdemeanor of the second degree under this chapter.
> >
> > (ii) 18 months for a misdemeanor of the first degree or felony of the third degree under this chapter.
> >
> > (iii) *There shall be no suspension for an ungraded misdemeanor under [S]ection 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.*

75 Pa. C.S. §3804(e) (emphasis added).

The exception set forth in Section 3804(e)(2)(iii) of the Vehicle Code applies if three conditions are met:

> First, the licensee must be convicted of violating 75 Pa.[]C.S. §3802(a)(1)[,] as an ungraded misdemeanor. Second, the licensee must be subject to the penalties contained in 75 Pa.[]C.S. §3804(a). Third, the licensee

7

> must not have a "prior offense" as defined in Section 3806 of the Vehicle Code, 75 Pa.[]C.S. §3806.

*Becker v. Department of Transportation, Bureau of Driver Licensing*, 186 A.3d 1036, 1037-38 (Pa. Cmwlth. 2018). Here, it is undisputed that Licensee was convicted of violating Section 3802(a)(2) of the Vehicle Code as an ungraded misdemeanor,[8] and that she was sentenced under Section 3804(a)(1) of the Vehicle Code. Thus, whether Licensee can avoid the 12-month license suspension rests solely on whether her prior acceptance of ARD counts as a "prior offense" within the meaning of Section 3806 of the Vehicle Code.

Section 3806 of the Vehicle Code provides, in relevant part:

> **(a) General rule.--**Except as set forth in subsection (b), *the term "prior offense" as used in this chapter shall mean any* conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, *acceptance of* **[ARD]** or other form of preliminary disposition *before the sentencing on the present violation* for any of the following:
>
> (1) an offense under [S]ection 3802 (relating to driving under influence of alcohol or controlled substance);
>
> * * *
>
> **(b) Timing.--**
>
> (1) For purposes of [S]ection[] . . . 3804 (relating to penalties) . . ., the prior offense must have occurred:
>
> > (i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or

---

[8] Section 3803 of the Vehicle Code establishes the grading of DUI offenses. In relevant part, "[a]n individual who violates [S]ection 3802(a) . . . and has no more than one prior offense commits a misdemeanor [and is subject to] a term of imprisonment of not more than six months [and a fine]." 75 Pa. C.S. §3803(a)(1).

(ii) on or after the date of the offense for which the defendant is being sentenced.

75 Pa. C.S. §3806 (emphasis added).

In her brief to this Court, Licensee cites *Chichkin* in support of her claim that her acceptance into an ARD program cannot be construed as a prior offense for civil license suspension purposes. We note, however, that the application of *Chichkin* to civil license suspension cases was recently decided by this Court in *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628 (Pa. Cmwlth. 2021),[9] *appeal granted*, __ A.3d __ (Pa., No. 28 MAL 2022, filed June 22, 2022),[10] *transferred to and stay of suspension granted* (Pa., No. 73 MAP 2022, filed July 7, 2022).

In *Ferguson*, the licensee was charged with DUI – general impairment in violation of Section 3802(a)(1) of the Vehicle Code[11] (an ungraded misdemeanor)

---

[9] By order dated September 17, 2021, we held Licensee's case in abeyance pending the disposition of *Ferguson*. Thus, the parties did not have the benefit of this Court's analysis in *Ferguson* when preparing their briefs in this case.

[10] Our Supreme Court granted allocatur in *Ferguson* as to the following issue:

> Did the Commonwealth Court err by ignoring the controlling decisions of this Court and the United States Supreme Court [by] holding that DUI statutes that penalize a defendant with a lengthy license suspension as a recidivist based on a prior acceptance of ARD disposition do not violate due process under the Pennsylvania and United States Constitutions even though the defendant who accepts ARD is presumed innocent and there is no proof of guilt?

*See Ferguson v. Department of Transportation, Bureau of Driver Licensing* (Pa., No. 28 MAL 2022, filed June 22, 2022), *transferred to and stay of suspension granted* (Pa., No. 73 MAP 2022, filed July 7, 2022).

[11] Section 3802(a)(1) provides:

**(Footnote continued on next page…)**

9

in 2012, and was accepted into an ARD program, which he successfully completed. In 2020, the licensee pleaded guilty to a second DUI – general impairment charge in violation of Section 3802(a)(1) of the Vehicle Code (also an ungraded misdemeanor). Thereafter, DOT notified him that his driving privilege was suspended for 12 months pursuant to Section 3804(e)(2)(i) of the Vehicle Code. The licensee appealed to the trial court, but his appeal was ultimately denied.

On appeal to this Court, the licensee argued that, pursuant to *Chichkin*, his prior ARD cannot be considered a prior offense under Section 3806(a)(1) of the Vehicle Code (defining acceptance into ARD as a prior offense), where he successfully completed the ARD, which involved no proof or admission of guilt, and the DUI charge was dismissed. Thus, the licensee claimed that DOT had no authority to impose a 12-month license suspension because he met the license suspension exception set forth in Section 3804(e)(2)(iii) of the Vehicle Code.

This Court explained that while the ARD program is criminal in nature, a license suspension resulting from ARD is civil in nature; thus, it is a collateral consequence of the criminal proceeding. We stated:

> Because the *Chichkin* Court ruled that the portion of Section 3806(a) of the Vehicle Code that defines a prior acceptance of ARD in a DUI case as a "prior offense" is unconstitutional for purposes of subjecting a defendant to a mandatory minimum criminal sentence under Section 3804 of the Vehicle Code, *Chichkin* specifically applies to Section 3804(a)-(d) of the Vehicle Code, *i.e.*, the criminal sentencing provisions. Section 3804(e) of the Vehicle

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa. C.S. §3802(a)(1).

10

Code expressly refers to "[s]uspension of operating privileges upon conviction," *i.e.*, the collateral civil consequence thereof. 75 Pa. C.S. § 3804(e); *see Brewster*[ *v. Department of Transportation*, 503 A.2d 497 (Pa. Cmwlth. 1986)]. Accordingly, because license suspensions are civil proceedings, the *Chichkin* ruling does not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes.

*Ferguson*, 267 A.2d at 632.[12]

We further explained that DOT met its *prima facie* burden of proving the licensee was subject to the 12-month license suspension when it offered into evidence a certified copy of the licensee's driving record, which included the licensee's DUI conviction and his acceptance into ARD for the prior DUI. At that point, the burden shifted to the licensee to rebut the presumption that DOT's evidence was correct. As the licensee did not present any evidence to rebut the presumption, we concluded that the trial court properly denied his appeal.

Based on *Ferguson*, we agree with DOT that *Chichkin* is not applicable to civil license suspension cases and, thus, that Licensee's ARD does constitute a prior offense as defined by Section 3806(a) of the Vehicle Code. Further, as in *Ferguson*, DOT met its *prima facie* burden of proving that Licensee was subject to a 12-month license suspension, as the record contains a certification and attestation of the exhibits submitted by DOT. R.R. at 21a. The exhibits include the Report of the Clerk of Courts of Dauphin County establishing Licensee's 2020 DUI conviction; the Report of the Clerk of Courts of Dauphin County establishing Licensee's 2014 ARD for a DUI violation; and a copy of Licensee's certified driving

---

[12] To illustrate, the licensee was convicted of violating Section 3802(a)(1) of the Vehicle Code and Licensee herein was convicted of violating Section 3802(a)(2) of the Vehicle Code. Section 3804(a)-(d) of the Vehicle Code sets forth the criminal penalties for violating Section 3802(a)-(f) of the Vehicle Code, *i.e.*, probation or imprisonment, fines, alcohol highway safety school, and compliance with court-ordered drug and alcohol treatment programs.

11

history, reporting both violations of the Vehicle Code. R.R. at 26a, 32a, 34a. As Licensee did not challenge DOT's evidence, the record supports DOT's imposition of the 12-month license suspension in this case.

Accordingly, the trial court's order is reversed and Licensee's license suspension is reinstated.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kasey Lockcuff Owens                          :
                                              :
                v.                            : No. 1268 C.D. 2020
                                              :
Commonwealth of Pennsylvania,                 :
Department of Transportation,                 :
Bureau of Driver Licensing,                   :
                                              :
                        Appellant    :


# **O R D E R**


AND NOW, this 30th day of September, 2022, the order of the Court of Common Pleas of Lancaster County, dated November 12, 2020, is REVERSED, and the 12-month suspension of Kasey Lockcuff Owens's operating privilege, imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, is REINSTATED.


_____
MICHAEL H. WOJCIK, Judge